DOLEYS and another, Respondents, vs. ARNDT and another, Appellants.

SITAVSKI, Respondent, vs. SAME, Appellants.

*December 4—December 30, 1953.*

For the appellants there was a brief and oral argument by *D. J. Regan* of Milwaukee.

For the respondents there was a brief by *A. R. Becker,* attorney, and *Eisenberg, Kletzke, Ratzel, Dern & Yockey* of counsel, all of Milwaukee, and oral argument by *Mr. Sydney M. Eisenberg* and *Mr. Becker.*

BROWN, J.   The appellants charge that in the Elizabeth Doleys action the damages are excessive, not supported by the evidence, and are the result of passion and prejudice on the part of the jury. The error complained of is the trial court's refusal to grant a new trial. In the Sitavski action the error alleged by appellants is the trial court's refusal to vacate the judgment on the ground that the evidence does not support the award of damages.

Appellants' argument depends entirely upon their version of the facts, to wit, that when Mrs. Doleys and Mrs. Sitavski were crossing a Milwaukee street, Arndt's automobile, moving very slowly, came in contact with Mrs. Doleys, jostling her against Mrs. Sitavski, but that neither woman lost her footing and, in particular, Mrs. Doleys sustained no head injuries. Mr. Arndt, two passengers in his car, and two bystanders testified in support of such facts. On the other hand, both Mrs. Doleys and Mrs. Sitavski testified that they were knocked down and struck their heads on the pavement or curb. A policeman who came to the scene immediately testified that he found both women in a state of shock. They were promptly taken to a hospital and the doctors who examined Mrs. Doleys there, diagnosed her injuries as numerous bruises and abrasions,—including bruises to the head,—and cerebral concussion. She was in the hospital for five days following the accident and convalescent at home for several months. About two months after the accident she complained of loss of hearing in her left ear. That ear had become totally deaf before the date of trial. Her hearing before the accident had been good. Competent medical

experts testified that such loss could be attributed to the concussion, to a reasonable medical certainty.

Defendants simply deny that Mrs. Doleys was knocked down or sustained the concussion to which she testified, which is vital to her recovery for loss of hearing. But her story of the accident is not incredible, it was corroborated by her daughter, and the examination at the hospital confirms the existence of the head injury and the cerebral concussion. Such injuries also tend to contradict defendants' milder account of what happened. The jury is the trier of the fact and entitled to believe plaintiffs' evidence. If so believed, there is no question but what the damages awarded Mrs. Doleys and her husband were not excessive.

We conclude that the trial court properly denied defendants' motion for a new trial in this action and entered judgment on the verdict.

Mrs. Sitavski testified that she was so disabled that she had to give up her job of caretaker of an apartment building, and was forced to spend large sums on doctors and chiropractors. The jury allowed her nothing for loss of income or medical expense, thus indicating that her evidence of her troubles was exaggerated or that the disability was not a result of the accident. It did award $200 for her pain and suffering. The policeman above mentioned found her in a state of shock. Her stockings were torn. She testified she was knocked down by defendant's car or by that car's throwing Mrs. Doleys against her. On this testimony the jury was privileged to believe that she sustained considerable temporary physical and mental injury and it seems to us that an award of $200 is quite moderate in view of the wide range which the testimony opened for the jury's consideration.

Defendants' motions after verdict were properly denied and the judgments on the verdict must be affirmed.

*By the Court.*—Judgments affirmed.